UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFF TACINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:25-cv-00039-MTS |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The Court previously made clear to Plaintiff that he "had not yet served" the United States. *See* Doc. [10] at 1. The Court specifically ordered him to serve the United States and file proof of such service no later than August 26, 2025. *Id.* at 2. Plaintiff declined to do so. Instead, he argued that he had sufficiently served "the defendant" already. *See* Doc. [11] ("You said that I didn't serve the defendant. But, in fact, I did."). As the Court—and the United States, *see* Doc. [1] ¶ 2—made clear, though, Plaintiff had not properly served the United States. It was Plaintiff's choice to double down on his contention that service was proper after the United States and the Court had told him otherwise. The Court cannot act as his attorney and provide him legal advice. *See Franks v. State Bd. of Pardons & Paroles*, 210 F. App'x 860, 861 (11th Cir. 2006) (per curiam) (noting courts "will not act as *de facto* counsel for a *pro se* litigant"); *Heffley v. Steele*, 826 F. App'x 227, 231 n.3 (3d Cir. 2020) (per curiam) (noting courts do not "provide pro se litigants with legal advice"). Plaintiff failed to perfect service; Federal Rule of Civil Procedure 4(m) mandated dismissal. Thus, the Court will not reconsider the dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that, Plaintiff's Motion for Reconsideration, Doc. [13], is **DENIED**.

Dated this 3rd day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE